**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

Writer's Direct Dial: +1(212) 225-2790
E-Mail: ldassin@cgsh.com

LAURENT ALPERT
VICTOR I. LEWKOW
LESLIE N. SILVERMAN
ROBERT L. TORTORIELLO
LEE C. BUCHHEIT
JAMES M. PEASLEE
ALAN L. BELLER
THOMAS J. MOLONEY
JONATHAN I. BLACKMAN
MICHAEL L. RYAN
ROBERT P. DAVIS
YARON Z. REICH
RICHARD S. LINCER
JAIME A. EL KOURY
STEVEN G. HOROWITZ
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
MITCHELL A. LOWENTHAL
EDWARD J. ROSEN
LAWRENCE B. FRIEDMAN
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
SETH GROSSHANDLER
WILLIAM A. GROLL
HOWARD S. ZELBO
DAVID E. BRODSKY
MICHAEL R. LAZERWITZ
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
FILIP MOERMAN
PAUL J. SHIM
STEVEN L. WILNER
ERIKA W. NIJENHUIS
LINDSEE P. GRANFIELD
ANDRES DE LA CRUZ
DAVID C. LOPEZ
CARMEN A. CORRALES
JAMES L. BROMLEY
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
ETHAN A. KLINGSBERG
MICHAEL J. VOLKOVITSCH
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
MEREDITH E. KOTLER
CHANTAL E. KORDULA
BENET J. O'REILLY
DAVID AMAN
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
PAMELA L. MARCOGLIESE
PAUL M. TIGER
JONATHAN S. KOLODNER
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
DAVID H. HERRINGTON
HEIDE H. ILGENFRITZ
HUGH C. CONROY, JR.
KATHLEEN M. EMBERGER
WALLACE L. LARSON, JR.
JAMES D. SMALL
AVRAM E. LUFT
DANIEL ILAN
ANDREW WEAVER
HELENA K. GRANNIS
GRANT M. BINDER
MEYER H. FEDIDA
CAROLINE F. HAYDAY
JOHN V. HARRISON
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

August 4, 2014

BY ECF

Hon. Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re:  *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, MDL No. 2542;
           Expedited Discovery

Dear Judge Broderick:

        I write on behalf of defendant Keurig Green Mountain, Inc. ("Keurig") in connection with Your Honor's July 30, 2014 Order No. 4 (ECF No. 64), which instructed the parties to meet and confer regarding the following topics: (1) the schedule for the motion to dismiss; (2) Keurig's discovery requests; and (3) any new issues that the Competitor Plaintiffs plan to raise in their preliminary injunction motions.

        Keurig is pleased to report that, following several discussions, all parties have reached an agreement regarding a proposed schedule for the motion to dismiss and related briefing. With respect to Keurig's discovery requests, Keurig has reached agreement with TreeHouse and only limited disagreement remains with Rogers. With respect to the third topic, Rogers has refused to meet and confer with Keurig until Saturday, August 9 at the earliest, in advance of filing its motion on Monday, August 11.

      1. **Motion to Dismiss Schedule**

        The parties have agreed on the following revised proposed schedule for the filing and briefing of Keurig's motions to dismiss:

| Item | Deadline |
| --- | --- |
| Motions to dismiss | October 6 |
| Notification of intent to amend | October 27 |
| Opposition to motion or amended complaint | November 25 |
| Reply in support of motion to dismiss | December 15 |

A proposed scheduling order is attached hereto as Exhibit A.  Keurig, Rogers, TreeHouse and the putative class of indirect purchaser plaintiffs have agreed to the text of the proposed order.  At the time of filing of this letter, no comments on the proposed order had been received from the putative class of direct purchaser plaintiffs, but they have agreed to the schedule outlined above.

### 2. Keurig's Discovery Requests

Keurig has reached agreement with TreeHouse on its discovery requests, and has reached agreement on all but one request for production to Rogers.  This request, Keurig's Request 6, initially requested documents related to the impact that alleged unlawful statements by Keurig are claimed to have had on customers.[1]  During three meet and confer sessions, on Friday, Sunday, and Monday, Rogers raised different objections to Request 6.  Each time that Rogers objected, Keurig revised Request 6.

During our third meet and confer this morning, Keurig suggested one last formulation of Request 6 designed to meet the one remaining objection by Rogers, namely that the request was not sufficiently parallel with the requests directed to Keurig.  Specifically, Keurig proposed the following, which mirrors Request for Production No. 3 directed to Keurig.[2]

> <u>Request No. 6:</u> Documents sufficient to show Rogers' training, policies, and procedures related to countering marketing and sale by Keurig of the 2.0 brewer, including customer service, sales, marketing, social media, and public relations materials, form letters to suppliers, licensees, licensors, customers, distributors, or consumers, and example scripts, talking points, and PowerPoint presentations used to guide communications to potential and actual customers, media outlets, and consumers.

Keurig does not believe there is any basis for Rogers to object to providing the same discovery to Keurig that Keurig has already provided to Rogers on this topic, and Rogers has failed to articulate any.  Accordingly, Keurig respectfully requests that the Court order Rogers to provide discovery in response to all of Keurig's requests, including Request 6.

For the Court's convenience, Keurig's discovery requests to Rogers are attached hereto as Exhibit B.

### 3. Rogers' refusal to meet and confer regarding new issues

Your Honor's Order No. 4 provides that: "If the Competitor Plaintiffs plan to raise any new issues in their preliminary injunction motions, the Competitor Plaintiffs should meet and confer with Defendant prior to August 11 to address those issues."  Order No. 4 at 1, ECF No. 64.  Your Honor also instructed plaintiffs on our last call that there is to be no sandbagging in connection with the motions.

---

[1]  Because TreeHouse is not planning to move for a preliminary injunction on the basis of alleged marketing conduct, Keurig has agreed that TreeHouse need not produce any documents on this topic and has removed Request 6 from the requests for production directed to TreeHouse.

[2]  Keurig's proposed request tracks the language of Request 3 directed to Keurig but adds the word "countering" before the word "marketing."  *See* Order No. 3 at 3-4, ECF No. 58.

Rogers has advised Keurig that it has in its possession new alleged false statements by Keurig that it plans to add (possibly as new claims) in its forthcoming motion. However, Rogers has refused to provide Keurig with this information until it files on August 11. Specifically, Rogers takes the position that because the Court's Order No. 4 uses the words "new issues," Rogers is not required to identify new allegations in advance of its August 11 filing as long as they are similar to ones included in its California papers.

In addition, to the extent that Rogers raises "new issues" as Rogers defines that term, which Rogers has stated that it "may or may not" do, Rogers has informed Keurig that it will not meet and confer with Keurig this week because the Court's Order only requires a meeting before August 11. Thus, although Keurig completed its document discovery on Friday, August 1, and although Rogers may already have resolved to bring new claims, Rogers has stated that it will not meet and confer with Keurig until after the Keurig deposition ends on Friday, August 8 (thus, presumably Saturday, August 9 at the earliest), in advance of filing its motion on Monday, August 11.

Keurig respectfully submits that Rogers's position is unreasonable. To the extent that Rogers knows now that it will be making new allegations or claims not included in its California filing – whether those claims are similar to other claims or not – Rogers should meet and confer with Keurig now, rather than waiting until the weekend before filing its motion. In our view this is the only way to make any meet and confer process productive.

We note that August 11 is approximately three weeks (20 days) into the roughly six week schedule that Your Honor set for the preliminary injunction hearing. Keurig has been working diligently and has provided discovery on an extremely expedited basis to facilitate the expedited schedule. We believe that Rogers, too, should be directed to cooperate and meet and confer now in light of the existing deadlines.

Respectfully submitted,

/s/ Lev Dassin

Lev L. Dassin

cc: (via ECF) counsel of record

# Exhibit A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
                                                            :
                                                            :   14-MD-2542 (VSB)
IN RE: KEURIG GREEN MOUNTAIN SINGLE-                        :   14-MC-2542 (VSB)
SERVE COFFEE ANTITRUST LITIGATION                           :
                                                            :
                                                            :   [PROPOSED] ORDER
                                                            :   SCHEDULING BRIEFING
This Order relates to All Actions                           :   ON MOTION TO DISMISS
                                                            :
                                                            :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

The following schedule shall govern briefing on, and pleadings in response to, Defendant's Motions to Dismiss:[1]

1. Defendant shall file its Motions to Dismiss on or before October 6, 2014.

2. On or before October 27, 2014, each Plaintiff shall inform Defendant whether that Plaintiff intends to file an amended complaint.

3. On or before November 25, 2014, each Plaintiff shall file (i) an amended complaint, or (ii) an opposition to Defendant's Motion to Dismiss (the "Oppositions").

4. Defendant shall file its reply to Plaintiffs' Oppositions, if any, on or before December 15, 2014.

5. Keurig may not use this extended briefing schedule as a basis to seek postponement of the September 3-5 hearing dates.

6. The parties will not use the amount of time of this agreed-upon extension as a basis to argue that discovery should or should not be had, as the case may be. No party waives any other rights that it might have.

SO ORDERED.
Dated: August ___, 2014
New York, New York

                                                              _____
                                                              Vernon S. Broderick
                                                              United States District Judge

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in this Court's prior orders entered in the above-captioned case.

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JBR, INC. (D/B/A ROGERS FAMILY COMPANY),<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>KEURIG GREEN MOUNTAIN, INC. (F/K/A GREEN MOUNTAIN COFFEE ROASTERS, INC. AND AS SUCCESSOR TO KEURIG, INCORPORATED),<br><br>　　　　　　Defendant. | 14 Civ. 4242 (VSB) |

**DEFENDANT KEURIG GREEN MOUNTAIN, INC.'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFF JBR, INC.**

Pursuant to Rules 26, 34, and 37 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rules 26.2 and 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), defendant Keurig Green Mountain, Inc. ("Keurig"), by its undersigned attorneys, hereby requests that plaintiff JBR, Inc. (d/b/a Rogers Family Company) ("Rogers") produce for examination, inspection, and copying, in accordance with the instructions and definitions set forth below and the parties' Joint Electronic Discovery Submission No. 1, at the offices of Cleary Gottlieb Steen & Hamilton LLP, 2000 Pennsylvania Avenue, NW, Washington, D.C. 20006 (attn.: Leah Brannon) on or before August 11, 2014, all documents described below.

**DEFINITIONS**

1. All definitions and rules of construction set forth in Local Rule 26.3 are incorporated herein.

2. "Coffee Brewer" means any brewing system that is capable of brewing a hot beverage from ground coffee, espresso, or other material.

3. "Concerning" means relating to, referring to, describing, evidencing, or constituting as described in Local Rule 26.3(c)(7).

4. "Document" includes all writings and other material described in Federal Rule 34(a) and Local Rule 26.3(c)(2). A draft or non-identical copy (including one with notations) is a separate document.

5. "ESI" means electronically stored information as that term is used in Federal Rule 26(b)(2)(B) and the parties' Joint Electronic Discovery Submission No. 1.

6. "Financial Statements" shall mean statements of Rogers's past, present or projected future financial condition that Rogers used or relied upon in the ordinary course of business, which may be audited for past years and unaudited for the current year.

7. "KAD" shall mean Keurig Authorized Distributors.

8. "Keurig" means the defendant in this action.

9. "Keurig 1.0 Brewer" means all existing Coffee Brewers that Keurig makes, and has made, available for sale.

10. "Keurig 2.0 Brewer" shall mean the new brewing system that Keurig will make available for sale in Fall 2014, as defined in Footnote 5 of the Court's Order dated July 23, 2014.

11. "K-cup" means Portion Packs made or licensed by Keurig to be used in Keurig Coffee Brewers.

12. "Person" is any natural person or legal entity, including, without limitation, any business or governmental entity or association as defined in Local Rule 26.3(c)(6).

13. "Portion Packs" means disposable, single-use cartridges, such as Rogers's OneCups (whether for branded or private label distribution),containing ground coffee, espresso, or other material used in Coffee Brewers.

14. "Rogers," "You," and "Your" mean plaintiff JBR, Inc. (d/b/a Rogers Family Company) and each of its affiliates, corporate parents, departments, predecessors, subdivisions, subsidiaries, and successors, as well as all agents, attorneys, directors, employees, officers, representatives, and any other persons acting or purporting to act on behalf of any of the foregoing.

## INSTRUCTIONS

1. You are required to supplement Your responses and produce additional documents if You obtain further or different information before the time of the hearing on any motion for a preliminary injunction.

2. In the event that any document responsive to these document requests is to be withheld on the basis of a claim of privilege, Rogers shall provide the information required by Joint Electronic Discovery Submission No. 1.

3. ESI shall be produced per the parties' Joint Electronic Discovery Submission No. 1.

4. Whenever necessary to bring within the scope of these requests, documents that might otherwise be construed to be outside its scope:

   (a) "and" and "or" shall be construed conjunctively or disjunctively;

3

    (b)    "each," "any," and "all" shall be construed as encompassing any and all;

    (c)    "including" means "including without limitation";

    (d)    the use of the singular form of any word shall include the plural and vice versa;

    (e)    the use of a verb in any tense shall be construed as the use of that verb in all other tenses; and

    (f)    the use of the feminine, masculine or neuter genders shall include all genders.

5.    No paragraph herein shall be construed with reference to any other paragraph for the purpose of limitation.

6.    Documents shall be produced consistent with the "Forms of Production" specified in Joint Electronic Discovery Submission No. 1.

7.    If objection is made to any of the requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection.

8.    If there are no documents responsive to any particular request, the response shall state so in writing.

## DOCUMENTS REQUESTED

<u>Request No. 1</u>:

Documents sufficient to show Rogers's Financial Statements for the period from January 1, 2010 through the present.

Request No. 2:

For each year from 2010 through the present, documents sufficient to show Rogers's (1) costs (broken out between Portion Pack and non-Portion Pack related costs), (2) revenues (broken out between Portion Pack and non-Portion Pack related revenues), and (3) profits (broken out between Portion Pack and non-Portion Pack related profits).

Request No. 3:

For each year from 2010 to the present, documents sufficient to show Rogers's Portion Pack sales (in volume and dollars) to each of its top 25 customers, including information sufficient to identify each such customer, and what portion of the sales to each are branded as opposed to private label Portion Packs.

Request No. 4:

For each year from 2010 to the present, documents sufficient to show Rogers's Portion Pack sales (in volume and dollars) broken down by channel including through (a) direct sales by Rogers to ultimate consumers including through Rogers's website or stores; (b) third party online websites including Amazon.com and retailer websites (e.g., Walmart.com); (c) brick and mortar retail stores; (d) third party distributors (e.g., office products or food services distributors); and (e) other channels of distribution (e.g., television sales).

Request No. 5:

Documents maintained in the normal course of business that are sufficient to show each projection by Rogers of future Portion Pack and non-Portion Pack sales, including any projections of future sales of Portion Packs for use in (a) Keurig 1.0 Brewers and (b) unlicensed

Keurig 1.0-compatible brewers, and including projections that show the predicted effect on Rogers's future sales of the conduct challenged in Rogers's motion for a preliminary injunction.

Request No. 6:

Documents sufficient to show Rogers's training, policies, and procedures related to countering the marketing and sale by Keurig of the 2.0 brewer, including customer service, sales, marketing, social media, and public relations materials, form letters to suppliers, licensees, licensors, customers, distributors, or consumers, and example scripts, talking points, and PowerPoint presentations used to guide communications to potential and actual customers, media outlets, and consumers.

Request No. 7:

Documents sufficient to show any ongoing or successful attempt by Rogers to design a Portion Pack for use in the Keurig 2.0 Brewer.

Dated:  Washington, DC
        August 1, 2014

                                        CLEARY GOTTLIEB STEEN & HAMILTON LLP


                                        By:  /s/ Leah Brannon
                                             Leah Brannon
                                             2000 Pennsylvania Avenue, NW
                                             Washington, DC 20006
                                             (202) 974-1508
                                             lbrannon@cgsh.com

                                          *Attorneys for Defendant Keurig Green Mountain, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JBR, INC. (D/B/A ROGERS FAMILY COMPANY),<br><br>    Plaintiff,<br><br>    vs.<br><br>KEURIG GREEN MOUNTAIN, INC. (F/K/A GREEN MOUNTAIN COFFEE ROASTERS, INC. AND AS SUCCESSOR TO KEURIG, INCORPORATED),<br><br>    Defendant. | 14 Civ. 4242 (VSB)<br><br>NOTICE OF VIDEOTAPED<br>RULE 30(b)(6) DEPOSITION |

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), defendant Keurig Green Mountain, Inc. ("Keurig") will take the videotaped deposition upon oral examination of plaintiff JBR, Inc. (d/b/a Rogers Family Company) ("Rogers"), before a notary public or other officer before whom depositions may be taken, at the offices of Orrick Herrington & Sutcliffe LLP, 400 Capitol Mall, Sacramento, California on August 18, 2014 beginning at 9:00 a.m.  The aforesaid examination will commence on the date and time set forth above and will continue from day to day thereafter, or upon such adjourned dates as may be agreed upon by the parties, until concluded.  Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Rogers shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf as to each of the matters set forth in Schedule A.  You are invited to attend and cross-examine.

Dated: August 1, 2014

                        CLEARY GOTTLIEB STEEN & HAMILTON LLP


                  By:   /s/ Leah Brannon  
                      Leah Brannon  
                      2000 Pennsylvania Avenue, N.W.  
                      Washington, D.C. 20006  
                      T: 202-974-1508  
                      lbrannon@cgsh.com

## SCHEDULE A

## DEFINITIONS

1. All definitions and rules of construction set forth in Rule 26.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") are incorporated herein.

2. "Concerning" means relating to, referring to, describing, evidencing, or constituting, as defined in Local Rule 26.3(c)(7).

3. "Document" includes all writings and other material described in Federal Rule 34(a) and Local Rule 26.3(c)(2). A draft or non-identical copy (including one with notations) is a separate document.

4. "ESI" means electronically stored information as that term is used in Federal Rule 26(b)(2)(B) and the parties' Joint Electronic Discovery Submission No. 1.

5. "Keurig" means the defendant in this action.

6. "Keurig 2.0 Brewer" means the new brewing system that Keurig will make available for sale in Fall 2014, as defined in Footnote 5 of the Court's Order dated July 23, 2014.

7. "K-cup" means Portion Packs made or licensed by Keurig to be used in Keurig Coffee Brewers.

8. "Person" is any natural person or legal entity, including, without limitation, any business or governmental entity or association, as defined in Local Rule 26.3(c)(6).

9. "Rogers" means plaintiff JBR, Inc. (d/b/a Rogers Family Company) and each of its affiliates, corporate parents, departments, predecessors, subdivisions, subsidiaries, and successors, as well as all agents, attorneys, directors, employees, officers, representatives, and any other persons acting or purporting to act on behalf of any of the foregoing.

## RULE 30(b)(6) DEPOSITION TOPICS

1. Rogers's past (to January 2010), current, and projected future sales and financial condition, including the basis for any assertion that Rogers has been "financially injured" by Keurig's conduct challenged in Rogers's motion for a preliminary injunction.

2. The projected effect of the Keurig 2.0 Brewer and related marketing by Keurig on Rogers's business, including any steps by Rogers to mitigate any projected harmful effect.