```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :
IN RE:                                                  :
                                                        :    14-MD-2542 (VSB)
KEURIG GREEN MOUNTAIN SINGLE-                           :    14-MC-2542 (VSB)
SERVE COFFEE ANTITRUST                                  :
LITIGATION                                              :    ORDER
                                                        :
                                                        :
------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/29/2017

VERNON S. BRODERICK, United States District Judge:

Whereas, on February 2, 2015, Defendant Keurig Green Mountain, Inc. filed motions to dismiss four separate amended complaints in their entirety under Federal Rule of Civil Procedure 12(b)(6), (Docs. 223, 226, 229, 231), and I held oral argument on these motions on July 9, 2015;

Whereas, the four amended complaints include: (1) the First Amended and Supplemental Complaint of Plaintiff J.B.R., Inc. (d/b/a Rogers Family Company), (No. 14-CV-4242, Doc. 83), (the "Rogers Amended Complaint" or "Rogers Am. Compl."); (2) the Amended and Supplemental Complaint of Plaintiff Treehouse Foods, Inc. and its wholly owned subsidiaries Plaintiff Bay Valley Foods, LLC and Plaintiff Sturm Foods, Inc., (No. 14-CV-905, Doc. 86), (the "Treehouse Amended Complaint" or "Treehouse Am. Compl."); (3) the Consolidated Amended Class Action Complaint of Plaintiffs Kenneth B. Burkley, Roger Davidson, Judy Hoyer, Benjamin Krajcir, James G. Long, Linda Major, Sally Rizzo, Henry A. Rocker, David Rosenthal, and Todd W. Springer, individually and on behalf of a class of direct purchaser plaintiffs (collectively, the "Direct Purchaser Plaintiffs" or "DPPs"), (Doc. 237), (the "DPP Amended Complaint" or "DPP Am. Compl."); and (4) the Second Consolidated Amended Class Action Complaint of Plaintiffs Yelda Mesbah Bartlett, Lavinia Simona Biasell, Linda Bouchard, Bouchard & Sons Garage, Inc., Jessica Searles Cristani, Kathryn Pauline D'Agostino, Jonna

Dugan, Michael J. Flanagan, Larry Gallant, Patricia Hall, Joseph Hurvitz, Jackson & Runyan, Certified Public Accountants, PLLC, Teena Marie Johnson, Darlene M. Kennedy, Lori Jo Kirkhart, John Lohin, Betty Ramey, Brier Miller Minor, David W. Nation, Patricia J. Nelson, Joyce E. Reynolds, Lauren Jill Schneider, Shirley Anne Schroeder, Rhett Montgomery Tanselle, Carey Reid Varnado, Constance Werthe, and Toni Williams, individually and on behalf of a class of indirect purchaser plaintiffs (collectively, the "Indirect Purchaser Plaintiffs" or "IPPs"), (Doc. 238), (the "IPP Second Amended Complaint" or "IPP Sec. Am. Compl.") (collectively, the "Amended Complaints");

Whereas, the Amended Complaints allege the following causes of action:

(A) the Amended Complaints all allege claims for violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, and Section 3 of the Clayton Act, 15 U.S.C. § 14, (Rogers Am. Compl. ¶¶ 294–331, 338–82; Treehouse Am. Compl. ¶¶ 569–602, 611–38); DPP Am. Compl. ¶¶ 254–89; IPP Sec. Am. Compl. ¶¶ 251–94);

(B) the Rogers Amended Complaint and Treehouse Amended Complaint allege claims for violations of the Lanham Act, 15 U.S.C. § 1125(a), (Rogers Am. Compl. ¶¶ 383–88; Treehouse Am. Compl. ¶¶ 639–43), and for patent misuse, (Rogers Am. Compl. ¶¶ 332–37; Treehouse Am. Compl. ¶¶ 603–10);

(C) the DPP Amended Complaint alleges claims for common law unjust enrichment under the laws of the fifty states and the District of Columbia, (DPP Am. Compl. ¶¶ 290–300), and the IPP Second Amended Complaint asserts claims for common law unjust enrichment under the laws of seventeen

states and the District of Columbia, (IPP Sec. Am. Compl. ¶¶ 245–50, 481–516);

(D) the Rogers Amended Complaint alleges claims for violation of the California Cartwright Act, (Rogers Am. Compl. ¶¶ 389–90), for violation of the California False Advertising Law, (*id.* ¶¶ 393–97), for violation of the California Unfair Competition Law, (*id.* ¶¶ 398–406), for violation of California common law unfair competition, (*id.* ¶¶ 391–92), for intentional interference with prospective economic advantage under California law, (*id.* ¶¶ 407–11), and for intentional interference with contractual relations under California law, (*id.* ¶¶ 412–14);

(E) the Treehouse Amended Complaint alleges claims for violation of the Illinois Antitrust Act, (Treehouse Am. Compl. ¶¶ 569–602, 611–38, 650–53), for violation of the Wisconsin Antitrust Act (*id.* ¶¶ 569–602, 611–38, 654–57), for violation of the New York Donnelly Act (*id.* ¶¶ 577–84, 625–38, 644–45), for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, (*id.* ¶¶ 639–43), for violation of the New York Consumer Protection Act, (*id.*), for violation of the Illinois Uniform Deceptive Trade Practices Act, (*id.* ¶¶ 639–43, 646–49), for violation of Wisconsin common law unfair competition, (*id.* ¶¶ 658–61), for negligent and intentional interference with business relations under New York law, (*id.* ¶¶ 662–70), for tortious interference with contract under New York Law, (*id.* ¶¶ 671–77), for tortious interference with contract under Wisconsin law, (*id.* ¶¶ 678–80), for tortious interference with prospective business expectancy under Illinois law, (*id.* ¶¶

681–84), and for tortious interference with contract under Illinois law, (*id.* ¶¶ 685–91); and

(F) the IPP Second Amended Complaint alleges violations of the antitrust and unfair competition laws of twenty-one states and the District of Columbia, (IPP Sec. Am. Compl. ¶¶ 225–50, 295–447), and the consumer protection and unfair trade practices laws of six states, (*id.* ¶¶ 448–80).

IT IS HEREBY ORDERED that for the reasons that will be set forth in a memorandum and opinion to be issued at a later date, Defendant's motion to dismiss (1) the Rogers Amended Complaint is DENIED; (2) the Treehouse Amended Complaint is DENIED; (3) the DPP Amended Complaint is DENIED; and (4) the IPP Second Amended Complaint is GRANTED with respect to the IPPs' Fourth, Fifth, Sixth, Seventh, and Eighth Claims for Relief, (*see* IPP Sec. Am. Compl. ¶¶ 251–94).  A decision on Defendant's motion to dismiss the IPP Second Amended Complaint with respect to the IPPs' remaining Claims for Relief will be issued in the forthcoming memorandum and opinion;

IT IS FURTHER ORDERED that Discovery shall hereby proceed in full pursuant to the proposed preliminary case management plan and scheduling order filed by the parties on November 14, 2016, (s*ee* Doc. 354-1);

IT IS FURTHER ORDERED that all discovery deadlines heretofore subject to the resolution of Defendant's motions to dismiss shall commence to run on December 1, 2017, (s*ee id.*);

IT IS FURTHER ORDERED that Plaintiffs' letter motion requesting a lift of the discovery stay, (Doc. 364), and Plaintiff J.B.R. Inc.'s letters requesting the opportunity to supplement the evidentiary record concerning its request to lift the discovery stay, (Doc. 375),

and requesting leave to file documents under seal, (Doc. 376), are DENIED as moot; and

      IT IS FURTHER ORDERED that the discovery conference scheduled for November 30, 2017, (Doc. 373), is hereby canceled.

SO ORDERED.

Dated: November 29, 2017
      New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge