UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION | ) No. 1:14-md-02542 (VSB) <br> ) No. 1:14-mc-02542 (VSB) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**[ORDER GRANTING UNOPPOSED MOTION FOR
DISTRIBUTION OF CLASS SETTLEMENT FUND**

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Unopposed Motion for Distribution of Class Settlement Fund is GRANTED.

2. The funds that are currently in the Net Settlement Fund[1] (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a pro rata basis to the Authorized Claimants, identified in **Exhibits B-1 and B-2** to the Declaration of Gretchen Eoff In Support of Motion For Distribution of Net Settlement Fund ("Eoff Declaration"). The funds shall be distributed pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund set forth in the Notice of Pendency and Proposed Settlement of Class Action.

3. Any person asserting a claim submitted after January 11, 2023, is fully and forever barred from asserting such claims.

4. Any person asserting any rejected claims are finally and forever barred from asserting such claims as of January 2, 2022, the date by Court-appointed Claims Administrator, JND Legal Administration LLC ("JND"), used as a cutoff for communications regarding deficient and/or rejected notices.

5. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation, and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of

---

[1] Unless otherwise defined, capitalized terms herein have the same meanings attributed to them in the Stipulation and Agreement of Settlement, dated as of September 30, 2020 (ECF No. 1114, Ex. 1, the "Stipulation").

the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund (including, but not limited to Plaintiffs' Counsel and JND) are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

6. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Counsel and JND are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

7. If any funds remain in the Net Settlement Fund by reason of undeposited checks, or otherwise, after JND has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund deposit their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants who would receive at least a $10.00 payment; (ii) second, to pay any additional Notice and Settlement Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second

distribution is economically feasible.  If six (6) months after such second distribution, whether or not such distribution is undertaken, any funds that remain in the Net Settlement Fund after JND has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, shall be donated to Consumer Reports, a national non-profit consumer advocacy organization for investor protection.

8.  JND is hereby ordered to discard paper or hard copies of Proofs of Claims and supporting documents not less than one (1) year after all distributions of the Net Settlement Fund to the eligible claimants, and electronic copies of the same not less than three (3) years after all distributions of the Net Settlement Fund to the eligible claimants.

9.  This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

IT IS SO ORDERED

Dated: 3/15/2023

*Vernon Broderick*
Vernon S. Broderick
United States District Judge