```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
IN RE:                                                     :
                                                           :
KEURIG GREEN MOUNTAIN SINGLE-                              :
SERVE COFFEE ANTITRUST                                     :   14-MD-2542 (VSB)
LITIGATION                                                 :   14-MC-2542 (VSB)
                                                           :
This order relates to all cases                            :   OPINION & ORDER
                                                           :
-----------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      Before me for approval are three reports from Special Master Richard J. Holwell: (1) the Initial Report and Recommendation ("Initial R&R"), dated October 11, 2023, (Doc. 2145), (2) the Supplemental Report and Recommendation ("Supplemental R&R"), dated December 7, 2023, (Doc. 2157), and (3) the Second Supplemental Report and Recommendation ("Second Supplemental R&R"), dated January 5, 2024, (Doc. 2164) (collectively, the "Reports"). The Reports resolve outstanding sealing motions and allocate the Special Master's compensation among the parties. For the reasons stated below, I ADOPT the Special Master's Reports in their entirety.

### I.    Background

      On August 1, 2024, I appointed Richard J. Holwell as Special Master in this action to resolve certain pending sealing motions. (Doc. 2106 at 7 & n.3.) The Special Master resolved the sealing motions in three separate reports. In the Initial R&R, the Special Master resolved virtually all the sealing requests, but reserved decision on those that sought to seal the entirety of Keurig's commercial agreements with other parties. (Doc. 2145 at 5–8.) With regard to the requests related to Keurig's commercial agreements, the Special Master directed the movants to

submit proposed redactions that were "narrowly tailored to serve a compelling interest." (*Id.* at 8.) On December 7, 2023, the Special Master filed the Supplemental R&R resolving (among other things) the sealing requests on which he reserved decision. (Doc. 2157 at 3–4.) The Supplemental R&R also allocated the Special Master's compensation among the parties, with Keurig responsible for 69% and Plaintiffs responsible for the remaining 31%, following the application of funds available to the Court. (*Id.* at 5–9.) The next day, and pursuant to Federal Rule of Civil Procedure 53(f)(2), I ordered any "objections to the Special Master's decisions [to] be filed by December 28, 2023." (Doc. 2159.)

On December 21, 2023, the parties filed a joint letter explaining that Keurig had identified several rulings on which it desired clarification from the Special Master. (Doc. 2161.) In light of these issues, the parties requested that I extend the deadline for any party or third party to object to the Special Master's Reports to January 8, 2024. (*Id.*) I granted the extension request. (Doc. 2162.) On January 5, 2024, the Special Master issued the Second Supplemental R&R, clarifying a subset of his prior rulings. (Doc. 2164.) To date, no responses or objections have been filed to any of the Reports. *See* Fed. R. Civ. P. 53(f)(2). Accordingly, I consider the recommendations in the Reports to be unopposed.

**II.    Legal Standard**

In reviewing a master's report and recommendation, a district court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). Before doing so, however, the court must "give the parties notice and an opportunity to be heard." *Id.* When a party submits a timely objection to a report and recommendation prepared by a master, the district court reviews de novo the conclusions of law in the report and recommendation to which the party objected. *See* Fed. R. Civ. P. 53(f)(4).

"Courts in this Circuit use a 'clear error' standard to review a master's findings of fact and conclusions of law where no objection is raised, which is the same standard applied to a Magistrate Judge's report and recommendation in this context." *In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, No. 17-CV-1580, 2020 WL 1329354, at *1 (S.D.N.Y. Mar. 23, 2020); *see Seggos v. Datre*, No. 17-CV-2684, 2019 WL 3557688, at *2 (E.D.N.Y. Aug. 5, 2019); *CA, Inc. v. New Relic, Inc.*, No. 12-CV-5468, 2015 WL 13753674, at *6 (E.D.N.Y. Sept. 28, 2015).

### III.  Discussion

Here, notice was provided to the parties and no party objected to the Special Master's decisions on the sealing motions or compensation structure.  I have nonetheless reviewed the Reports for clear error and find myself in complete agreement with the Special Master's thorough and well-reasoned rulings.  Accordingly, I hereby ADOPT the Reports in their entirety.

### IV.  Conclusion

For the reasons set forth above, the Clerk of Court is respectfully directed to terminate the motions pending at Docs. 1730, 1731, 1743, 1750, 1756, 1757, 1760, 1761, 1766, 1768, 1769, 1772, 1779, 1786, 1798, 1802, 1803, 1804, 1809, 1996, and 2007.

To facilitate payment of the Special Master, counsel to the Indirect Purchaser Class (the IPP Class") shall file a letter, by March 29, 2024, stating the amount of unclaimed settlement funds available to be used as compensation for the Special Master.  No later than ten days after

counsel to the IPP Class submits the above-referenced letter, the parties shall submit a joint letter noting their respective share of the Special Master's fees.

SO ORDERED.

Dated: March 24, 2024
     New York, New York

Vernon S. Broderick
United States District Judge