```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
IN RE:                                                      :
                                                            :
KEURIG GREEN MOUNTAIN SINGLE-                               :
SERVE COFFEE ANTITRUST                                      :   14-MD-2542 (VSB)
LITIGATION                                                  :   14-MC-2542 (VSB)
                                                            :
This order relates to all cases                             :   ORDER
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of a letter filed by Keurig, dated May 9, 2024, requesting that I enter an order permanently sealing Exhibits 352 and 356 (together, the "Exhibits") unless and until Plaintiffs fully redact the personal identifiable information ("PII") that the Exhibits contain by a date certain.  (Doc. 2308 at 2.)  That same day, Plaintiffs responded to Keurig's letter, arguing that "there is no basis to compel Plaintiffs to expend yet another round of time and resources and to remove from the public record the documents which the public is entitled to see" and, alternatively, if another round of redactions is necessary, "that Keurig be directed to undertake the review of its own data to ensure compliance with an Order concerning its own motion."  (Doc. 2309 at 2.)  On May 10, 2024, Keurig filed a reply letter.  (Doc. 2315.)  One week later, Plaintiffs followed up with a sur-reply.  (Doc. 2317.)

      Together, the Exhibits include approximately thirty thousand pages of Keurig customer service records.  In March 2022, Keurig moved to redact the customer PII that the Exhibits revealed, including customer names, home addresses, phone numbers, and email addresses.  (Doc. 1769 at 4; *see also* Doc. 1793, Exs. 21–22 (providing exemplars of the customer service logs with proposed redactions).)  The Special Master Richard J. Holwell recommended granting

Keurig's sealing motion and, after Plaintiffs failed to object, I adopted his recommendation in full.  (Docs. 2145, 2157, 2170.)

The parties do not dispute that Keurig's successful sealing motion requires PII to be redacted from the Exhibits; however, they disagree about the scope of those redactions and who is responsible for making them.  As to the scope of the redactions, Plaintiffs insist that "consumer names identified by Keurig as appearing on the public docket are not PII" because "the *only* 'personally identifying information' categories which Keurig sought to seal were 'email addresses, mailing addresses, and phone numbers.'"  (Doc. 2309 at 2 (quoting Doc. 1769 at 4.)  I disagree.  As an initial matter, Keurig sought to seal customer "personally identifying information, including addresses, phone numbers, and email."  (Doc. 1769 at 4.)  The use of the word "including" to introduce a list indicates that the categories of information listed are not exclusive.  *See* Black's Law Dictionary (11th ed. 2019) ("The participle including typically indicates a partial list.").  In any event, the exemplars that Keurig provided in support of its sealing motion—the material the Special Master and I reviewed in granting Keurig's sealing request—redacted customer names.  (Doc. 1793, Exs. 21–22.)  Customer names therefore fall squarely within the realm of PII that must be redacted.[1]  *See, e.g.*, *In re Google Dig. Advert. Antitrust Litig.*, No. 21-MD-3010, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (approving redaction of Google employee names because their privacy interest "outweighs the strong presumption of public access"); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-CV-7378, 2019

---

[1] To the extent that the letters Plaintiffs filed can be construed as a motion for reconsideration of my Opinion & Order adopting the Special Master's sealing decisions, or as objections to the Special Master's decisions themselves, it is DENIED as untimely.  *See* Loc. Civ. R. 6.3 (providing that a motion for reconsideration must be served within fourteen days after the entry of the court's determination of the original motion); Fed. R. Civ. P. 53(f)(2) (providing that a party must serve objections to a special master's recommendation within twenty-one days of being served with a copy).

WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (concluding that third-party names should be redacted because this information was "immaterial" to motion for summary judgment).

Under my Individual Rules & Practices in Civil Cases, the party who wishes to file a redacted document is responsible for ensuring that its redactions are consistent with my prior orders. *See* Rule 5.B.iii.c. This rule makes sense because the party who files a document is, after all, the one asking me to rely on it in assessing its request for relief (or opposition thereto). *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (holding that a "judicial document" is a document "relevant to the performance of the judicial function and useful in the judicial process"). Because Plaintiffs filed the Exhibits in connection with their summary judgment motion, they are charged with ensuring that it is appropriately redacted. Although Plaintiffs make much of the fact that the Exhibits are Keurig's business records and the redactions a product of Keurig's sealing motion, they fail to explain why either one of those factors flips the normal burden governing redactions to Keurig. The protective order signed by the parties certainly does not provide for this result. It states that court filings with confidential information should be "filed under seal or with redactions," never mentioning that it is the owner of the records who is responsible for redacting them. (*See* Doc. 496 at 20.) And placing the onus for redaction on the owner of the document rather than the party filing it does not make practical sense since it would require the filer to preview its intent to offer the document so that the owner could redact it. This process cannot be inferred from the protective order. Accordingly, the procedures set forth in my Individual Rules apply, and the party who files a document is responsible for ensuring that it is appropriately redacted.

Accordingly, it is hereby

ORDERED that Exhibits 352 and 356, (Doc. 2305, Exs. 43–47 (Exhibit 352), 51–53 (Exhibit 356)), are permanently SEALED.  Plaintiffs are granted leave to file redacted versions of the Exhibits (or excerpts thereof) that fully conceal the PII as set forth above, along with an affidavit certifying that all customer PII has been removed.  Before any such filing, Plaintiffs are directed to (1) meet and confer with Keurig regarding the proposed redactions, and (2) file a joint letter on the docket noting Keurig's position as to whether the redactions are complete and accurate.

IT IS FURTHER ORDERED that Plaintiffs' request for fees and costs related to its review of the Exhibits is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' unopposed request to seal limited portions of Exhibit A to the Declaration of Aldo A. Badini in opposition to Keurig's May 9, 2024 letter is GRANTED.

The Clerk of Court is respectfully directed to terminate the motions pending at Docs. 2308 and 2310.

SO ORDERED.

Dated: June 10, 2024
      New York, New York

_____
Vernon S. Broderick
United States District Judge