UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

IN RE: KEURIG GREEN MOUNTAIN SINGLE-SERVE COFFEE ANTITRUST LITIGATION

*This Document Relates to All Actions*

---------------------------------------------------------X

14-MD-2542 (VSB)
14-MC-2542 (VSB)

**AMENDED[1]**
**OPINION & ORDER**

Appearances:

Patrick J. Ahern
Ahern and Associates, P.C.
Chicago, IL
*Counsel for Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holding, LLC*

Leah Brannon
Carl Lawrence Malm
Alan B. Freedman
Rahul Mukhi
Lev L. Dassin
George S. Cary
Cleary Gottlieb Steen & Hamilton LLP
Washington, DC & New York, NY

Wendelynne J. Newton
Mackenzie A. Baird
Buchanan Ingersoll & Rooney PC
Pittsburgh, PA
*Counsel for Defendant Keurig Green Mountain, Inc.*

[1] The previous version of this Opinion & Order was sent to the parties on May 18, 2026 and filed under seal on May 19, 2026 with language in the conclusion indicating that "[d]ue to potential references to sealed filings and information, this Opinion & Order is being issued temporarily under seal. By June 16, 2026, the parties are directed to submit any proposed redactions to this Opinion & Order." (Doc. 2469.) I have received no proposed redactions from the parties and thus issue this unredacted Amended Opinion & Order, which omits that language regarding sealing from the conclusion of the Opinion & Order. This change does not otherwise modify the conclusion of my original Opinion & Order.

VERNON S. BRODERICK, United States District Judge:

Before me is the motion of Plaintiffs Winn-Dixie Stores, Inc. and Bi-Lo Holding, LLC ("Winn-Dixie") for reconsideration of my July 31, 2025 Opinion & Order overruling objections to the May 8, 2023 Opinion & Order of Magistrate Judge Sarah L. Cave. (Doc. 2400 ("Mot.").) Before me are also Special Master Richard Holwell's Third Supplemental Report and Recommendation, issued on May 10, 2024, (Doc. 2316), and his Fourth Supplemental Report and Recommendation, issued on June 12, 2024, (Doc. 2328), regarding the parties' sealing requests, and Winn-Dixie's sealing motions related to its reconsideration motion and reply. (Docs. 2399, 2405.) For the reasons that follow, the motion for reconsideration is DENIED. Special Master Holwell's Report and Recommendations are ADOPTED. Winn-Dixie's sealing motions are DENIED without prejudice.

## I. Background

The background for Winn-Dixie's objections is detailed in my July 31, 2025 Opinion & Order. (Doc. 2395 ("Opinion" or "Op.").) The Opinion addressed objections to: "(1) Magistrate Judge Henry Pitman's March 7, 2019 order concerning whether certain documents are privileged, (Doc. 544); (2) Magistrate Judge Sarah L. Cave's March 28, 2022 Opinion & Order regarding cross-motions for spoliation sanctions, (Doc. 1806); (3) Judge Cave's February 10, 2023 Opinion & Order regarding certain requests for admission, (Doc. 2004); and (4) Judge Cave's May 8, 2023 Opinion & Order regarding certain attorneys' fees, costs, and sanction requests, (Doc. 2038)." (Op. 3.)

On August 15, 2025, Winn-Dixie moved for reconsideration of the portion of my decision overruling objections to Magistrate Judge Cave's May 8, 2023 Opinion & Order ("May 8 Opinion" or "May 8 Op.). (Mot. 1.) On August 21, 2025, Defendant Keurig Green Mountain,

Inc. ("Defendant" or "Keurig") filed its response in opposition to Winn-Dixie's motion. (Doc. 2404 ("Opp'n").) On August 28, 2025, Winn-Dixie filed its reply in support of its motion for reconsideration. (Doc. 2406 ("Reply").)

On August 1, 2024, I appointed Richard J. Holwell as Special Master in this action to resolve certain pending sealing motions. (Doc. 2106 at 7 & n.3.) The Special Master resolved the sealing motions through the issuance of five separate reports. I have already adopted three of the five reports in full. (Doc. 2170.) Since adopting those three reports, Special Master Holwell has issued two more reports. (Docs. 2316, 2328.) The Third Supplemental Report and Recommendation provides case by case recommendations concerning sealing requests from Keurig, TreeHouse Foods, Inc., Bay Valley Foods, LLC, Sturm Foods, Inc., BJ's Wholesale Club, Inc., and various third parties. (Doc. 2316 at 3–4.) It also denies Winn-Dixie's sealing requests because Winn-Dixie "request[ed] to seal documents in their entirety," rather than seeking targeted redactions. (*Id.* at 4.) The Fourth Supplemental Report and Recommendation addressed sealing requests from Winpak Heat Seal Corporation, Bigelow Inc., and Peet's Coffee & Tea, Inc. (Doc. 2328.)

## II. <u>Legal Standard</u>

### A. *Reconsideration*

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *United States v. Yudong Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (internal quotation marks omitted). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX*

*Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Spencer v. Int'l Shoppes, Inc.*, No. 06-CV-2637, 2010 WL 2653325, at *1 (E.D.N.Y. June 22, 2010) (quoting *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

It is "well-settled that [reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). Whether "to grant or deny the motion for reconsideration is within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10-CV-3753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). "[M]otions for reconsideration are generally not favored and may not be used solely to relitigate an issue already decided." *Almonte v. City of Long Beach*, No. 04-CV-4192, 2005 WL 1971014, at *2 (E.D.N.Y. Aug. 16, 2005) (internal quotation marks omitted and alterations adopted). District court judges apply the same standard to motions for reconsideration regardless of whether their opinion reflects review of a magistrate judge's decision under Federal Rule of Civil Procedure 72 or not. *See Linde v. Arab Bank, PLC*, 269 F.R.D. 186, 205 (E.D.N.Y. 2010) (denying motion for reconsideration of ruling on Rule 72 objections because of "strict standard" for reconsideration (internal quotation marks omitted)); *Coon v. Orton*, No. 16-CV-291, 2018 WL 10602330, at *3 (N.D.N.Y. Aug. 29, 2018) (denying a motion requesting reconsideration of a District Court's "decision to adopt Magistrate Judge['s] recommendation" and citing *Shrader*, 70 F.3d at 257).

### B. *Report and Recommendation*

In reviewing a master's report and recommendation, a district court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). Before doing so, however, the court must "give the parties notice and an opportunity to be heard." *Id.* When a party submits a timely objection to a report and recommendation prepared by a master, the district court reviews de novo the conclusions of law in the report and recommendation to which the party objected. *See* Fed. R. Civ. P. 53(f)(4). "Courts in this Circuit use a 'clear error' standard to review a master's findings of fact and conclusions of law where no objection is raised, which is the same standard applied to a Magistrate Judge's report and recommendation in this context." *In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, No. 17-CV-1580, 2020 WL 1329354, at *1 (S.D.N.Y. Mar. 23, 2020); *see Seggos v. Datre*, No. 17-CV-2684, 2019 WL 3557688, at *2 (E.D.N.Y. Aug. 5, 2019); *CA, Inc. v. New Relic, Inc.*, No. 12-CV-5468, 2015 WL 13753674, at *6 (E.D.N.Y. Sept. 28, 2015).

## III. **Discussion**

As I explained in the Opinion, Judge Cave's May 8 Opinion concerned Defendant's motion for sanctions against Winn-Dixie, including a request to dismiss the claims of C&S Wholesale Grocers, Inc. ("C&S") against Keurig as a sanction for non-compliance with discovery obligations. (Op. 38–39.) C&S assigned its antitrust claims against Keurig to Winn-Dixie, (*id.* at 33), and Winn-Dixie failed to comply with a number of discovery orders issued by Judge Cave, (*id.* at 38). Although Judge Cave correctly concluded that the drastic remedy of dismissal of C&S's claims was not appropriate, she determined that the payment of attorneys' fees constituted an appropriate sanction for Winn-Dixie's non-compliance. (*Id.* at 38–39.)

Both Winn-Dixie and Keurig filed objections to the May 8 Opinion, (*id.* at 39), which I overruled, (*id.* at 44). With regard to Winn-Dixie's objections, I affirmed Judge Cave's findings that Winn-Dixie failed to timely comply with three discovery orders she issued in 2022. (*Id.* at 40 ("Winn-Dixie objects to Judge Cave's finding that it failed to timely comply with her orders dated August 1, August 26, and December 14, 2022, (the "August 1 Order," "August 26 Order," and "December 14 Order," respectively). I disagree." (internal citations omitted and cleaned up)).)

First, I overruled Winn-Dixie's objections to Judge Cave's finding that it failed to comply with her August 1 Order when it failed to "locate any emails from two C&S custodians and did not produce a Rule 30(b)(6) witness for deposition before the applicable September 16, 2022 deadline to complete fact discovery." (Op. 40–41.) Second, I overruled Winn-Dixie's objections to Judge Cave's finding that it failed to comply with her August 26 Order when "it did not produce certain C&S-transactional data and document-retention policies by the August 30, 2022 deadline, and did not produce certain C&S custodians' emails or respond to Keurig's questions about them by the September 2, 2022 deadline." (Op. 41–42.) Finally, I overruled Winn-Dixie's objections to Judge Cave's finding "that Winn-Dixie did not comply with her December 14 Order because it did not comply with the Order's deadlines to produce certain documents by December 16, 2022 or to respond to questions from Keurig regarding other productions by December 19, 2022." (Op. 42.) I address Winn-Dixie's reconsideration request for each of my rulings concerning these orders below. I also address Winn-Dixie's sealing request with regard to the papers it filed in support of its motion for reconsideration and Special Master Holwell's outstanding Reports regarding sealing.

### A. *August 1 Order*

The August 1 Order required that Winn-Dixie run search terms over the custodial files of the "three to four" C&S custodians that Winn-Dixie had proffered at a discovery conference held on that date, provide Keurig with the identity of the custodians by August 5, 2026, and "produce a Fed. R. Civ. P. 30(b)(6) witness from C&S to testify." (Doc. 1891; *see also* Doc. 1895, Aug. 5, 2022 Discovery Conf. Tr. 5:5-12 ("So the purpose of today's call is to follow up on our discussion on Monday and the direction to have Winn-Dixie be running the search terms [and] providing Keurig with the identity of the custodians").) Two days later, at the parties' joint request made on August 2, 2022, (*see* Doc. 1892), I issued a discovery schedule extension requiring that "[d]epositions of fact witnesses shall be completed by September 16, 2022," and that "[a]ll outstanding fact discovery is to be completed no later than September 16, 2022," (Doc. 1894), in the Winn-Dixie action. The amended discovery schedule contains no exception for 30(b)(6) witnesses or C&S custodians and, by its own clear terms, applies to all fact discovery in the Winn-Dixie action, without distinction between discovery related to assigned claims or those direct claims of Winn-Dixie itself. As of September 12, 2022, four days before the fact discovery deadline, Winn-Dixie had not produced any C&S documents. (May 8 Op. 6.) Four days after the fact discovery deadline, Winn-Dixie belatedly requested an extension, and identified a 30(b)(6) witness. (*Id.* at 19.) Winn-Dixie, therefore, failed to comply with the August 1 Order's requirement that it identify a 30(b)(6) witness by September 16, 2022. (*Id.*)

Rather than identifying "controlling decisions or data that [I] overlooked—matters, in other words, that might reasonably be expected to alter the conclusion [that I reached]," *Shrader*, 70 F.3d at 257 (2d Cir. 1995), Winn-Dixie argues that "[t]his normal back and forth meet and confer is encouraged and certainly cannot be the basis for monetary sanctions." (Mot.

6.) To be clear, Winn-Dixie is not being sanctioned for failing to adequately engage in the meet and confer process. Rather, Winn-Dixie is being sanctioned because it undisputedly failed to comply with Judge Cave's August 1 Order, among other deadlines set by Judge Cave.

The fact that Winn-Dixie may have only missed the deadlines in the August 1 Order by a handful of days is not a persuasive basis for reconsideration. It is axiomatic that when assessing whether to impose sanctions under Rule 37 and considering what kind of sanctions to impose, that an issuing court considers the record cumulatively. *J.C. v. Zimmerman*, 150 F.4th 136, 146 (2d Cir. 2025) ("Once Rule 37 is triggered, '[t]he district court is free to consider the full record in the case in order to select the appropriate sanction.'" (quoting *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010))); *see also Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979) ("[S]anctions must be weighed in light of the full record in the case."). In other words, even though Winn-Dixie provided a "mundane reason" for one of several instances of non-compliance with Magistrate Judge Cave's discovery orders, this "does not render [its] behavior excusable." *Loc. Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 264 (S.D.N.Y. 2015) (imposing sanctions even though "any individual incident of discovery misconduct may appear forgivable—especially when framed by some post-hoc excuse that rings of reasonableness." (citing *S. New England Tel. Co.*, 624 F.3d at 144)). Therefore, Winn-Dixie's motion for reconsideration of my decision affirming Judge Cave's ruling concerning its non-compliance with her August 1 Order is DENIED.

**B. *August 26 Order***

The August 26, 2022 Order required that Winn-Dixie: (1) produce by August 30, 2022 certain C&S transactional data and document retention policies; (2) produce by September 2, 2022 emails from C&S custodians; and (3) by September 2, 2022 respond to Keurig's questions regarding the collection and search of the C&S custodians' emails. (Doc. 1901.) As Judge Cave explained: "Winn-Dixie did not meet either of these deadlines." (May 8 Op. 20.) Winn-Dixie did not produce C&S emails and transactional data until September 13, 2022, when it made a partial production. (*Id.*) Judge Cave noted that "Winn-Dixie's [initial] production of C&S emails covered only two years of the relevant nine-year period and included many 'blank' pages." (*Id.*) Winn-Dixie then made an additional production of documents on November 17, 2022. (*Id.*)

Winn-Dixie objected to Judge Cave's order in the first instance, arguing primarily that "none of the documents were blank but contained metadata in the bottom half of the document," and that the production of only two years of documents for two of the C&S custodians "was out of Plaintiffs' control," effectively blaming C&S for any deficiencies in the production. (*See* Doc. 2049 at 8–10.) I addressed both of these arguments in my Opinion, rejecting the arguments that "discovery from C&S was not [Winn-Dixie's] responsibility as an assignee of C&S's claim," or that Winn-Dixie's non-compliance could be excused by the fact "that it eventually made more fulsome productions responsive to these discovery requests." (Op. 41.)

Winn-Dixie now alleges that I failed to consider its objections and tries to relitigate the exact same claims on reconsideration. (*Compare* Doc. 2049 at 8 ("[N]one of the documents were blank but contained metadata in the bottom half of the document."), *with* Doc. 2400 at 7 ("[N]one of the documents were blank but contained metadata in the bottom half of the

document."); *compare* Doc. 2049 at 9 ("[T]he two custodians had gotten married during the relevant time period and C&S either did not know their maiden names or did not search for them. This was out of Plaintiffs' control"), *with* Doc. 2400 at 7–8 ("[T]he two custodians married during the relevant time period and C&S either did not know their maiden names or did not search for them. This was out of Plaintiffs' control").) These arguments fail, since the law is clear that "a motion to reconsider should not be granted where the moving party is solely attempting to relitigate an issue that already has been decided." *Shrader*, 70 F.3d at 257 (2d Cir. 1995).

The fact that Winn-Dixie was only an assignee of C&S's claims and not their originator cannot excuse its failure to comply with Judge Cave's discovery orders as "the assignee of a claim in litigation has a duty to obtain and produce the same documents and information to which the opposing parties would have been entitled had the assignors brought the claim themselves." (Op. 34 (citing *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 314 F.R.D. 341, 344 (S.D.N.Y. 2016)).) Moreover, as I explained in the Opinion, "eventually producing responsive documents does not change the fact that Winn-Dixie did not meet the original deadline." (Op. 41.) Regardless of whether the documents Winn-Dixie produced on September 13, 2022 were "blank" or contained metadata that required further explication in order to become legible, it is undisputed that they were not produced in advance of the August 30 and September 2 deadlines set out in the August 26 Order.

Even if, as Winn-Dixie claims, "on January 17, 2023, Plaintiffs' counsel sent an email to Keurig's counsel informing him that the documents were not blank – that the 'wrappers' were the first documents and that following two documents were the complete substantive document," (*see* Mot. 7), this is a far cry from doing what the August 26 Order requires, which is to

"[r]espond to Keurig's questions regarding the collection and search of the C&S custodians' emails," by September 2, 2022, (Doc. 1901). As with Winn-Dixie's excuse for non-compliance with Judge Cave's August 1 Order, I cannot let "some post-hoc excuse that rings of reasonableness" excuse Winn-Dixie's delay in producing the required documents in a legible format to Keurig by the required deadlines for production. *See Loc. Union No. 40 of the Int'l Ass'n of Bridge*, 88 F. Supp. 3d at 264. Therefore, Winn-Dixie's motion for reconsideration of my Opinion overruling its objections regarding non-compliance with Judge Cave's August 26 Order is DENIED.

### C. *December 14 Order*

Winn-Dixie's objections to Judge Cave's findings of non-compliance with her December 14 Order must be rejected for much the same reason that its objections to her August 26 Order fail. The December 14 Order required Winn-Dixie to produce three documents by December 16, 2022 relating to Daniel Fudger's deposition and to answer Keurig's questions about C&S's transactional data and custodial emails by December 19, 2022. (Doc. 1957.) Winn-Dixie produced two of the three relevant documents relating to the Fudger deposition to Keurig on December 19, 2022, but not the third. (May 8 Op. 21.) Winn-Dixie produced the third document on December 22, 2022. (*Id.*) With regard to the transactional data, Winn-Dixie produced a set of data on December 21, 2022, but failed to address Keurig's questions about discrepancies between different sets of data. (*Id.*) On December 29, 2022, "Winn-Dixie produce[d] six years of additional emails for the C&S custodians." (*Id.*) Keurig claimed that about half of the emails that were produced belatedly were blank; however, Winn-Dixie argues that they contained relevant metadata.

Based on this pattern of conduct, which repeated Winn-Dixie's non-compliance with the August 1 and August 26 Orders, Judge Cave held that Winn-Dixie's "belated, post-fact discovery productions have further highlighted the deficiencies in Winn-Dixie's efforts throughout the fact discovery period," and determined sanctions were warranted. (*Id.* at 21–22.) I still agree with Judge Cave's determination. As I noted: "Winn-Dixie did not comply with multiple discovery deadlines, and Judge Cave found much of Winn-Dixie's eventual productions deficient. It was not error, let alone clear error, for Judge Cave to find that Winn-Dixie's untimely responses violated her orders." (Op. 42.)

Winn-Dixie mischaracterizes Judge Cave's opinion in arguing that the finding was based "principally on (1) Keurig's claim that half of the C&S emails were blank and irrelevant, and (2) her statement that Winn-Dixie acknowledged that the three custodians were not the most relevant." (Mot. 9 (internal quotation marks omitted).) Instead, Judge Cave correctly held that Winn-Dixie repeatedly missed deadlines to produce relevant C&S documents and produced incomprehensible and muddled transactional data that it then refused to answer questions about in a timely manner. (*See* May 8 Op. 21 ("The Court finds that Winn-Dixie did not timely comply with the deadlines in the Dec. 14 Order."), 22 ("Winn-Dixie's piecemeal and problematic productions of C&S transactional data reflect virtually no upfront effort to undertake a careful and complete collection of information about C&S's purchases of K Cups on Winn-Dixie's behalf.").) It does not matter whether or not Winn-Dixie ultimately cleared up the confusion after intensive court supervision of the C&S productions because "Winn-Dixie should have complied with its obvious obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court without the need for this level of judicial supervision." (*Id.* at 22.)

By failing to abide by the deadlines in the August 1, August 26, and December 14 orders and by completing its production of the C&S documents in a piecemeal fashion requiring repeated court intervention, Winn-Dixie's conduct warranted sanctions. *Shnyra v. State St. Bank & Tr. Co.*, No. 19-CV-2420, 2020 WL 6892078, at *10 (S.D.N.Y. Nov. 24, 2020) ("Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." (internal quotation marks omitted)); *Amimon, Inc. v. Shenzhen Hollyland Tech Co. LTD*, No. 20-CV-9170, 2024 WL 3534403, at *8 (S.D.N.Y. July 25, 2024) (failure to produce documents until after "multiple conferences and the threat of sanctions" warranted award of reasonable attorneys' fees); *Barbera v. Grailed, LLC*, No. 24-CV-3535, 2025 WL 2098635, at *11 (S.D.N.Y. July 25, 2025) (granting sanctions when "Plaintiff did not act diligently to rectify the issues but instead doled out productions piecemeal."). Therefore, Winn-Dixie's motion is DENIED with regard to its non-compliance with the December 14 Order.

**D. *Sealing***

On May 10, 2024, Special Master Richard Holwell issued the Third Supplemental Report & Recommendation regarding sealing issues. (Doc. 2316.) He reviewed Winn-Dixie's previous sealing requests for its objections to Judge Cave's May 8 Opinion, which had sought to seal its filings in full. (*Id.* at 4.) These requests sought to seal the "Memorandum in support of Winn-Dixie Plaintiffs' Motion and Objections to May 8 Order, and the attached Exhibits," (Doc. 2048), the "Reply Memorandum in Support of Winn-Dixie's Objections to the Magistrate's May 8 Order," (Doc. 2059), the "Motion to Exclude the Opinions of Dr. Ugone and Dr. Murphy," (Doc. 2082), the "Response in Opposition to Keurig's Motion to Exclude the Opinions of Dr. Asher," (Doc. 2113), and the "Reply Memorandum in Support of their Motion to Exclude the Opinions

of Dr. Ugone and Dr. Murphy," (Doc. 2132). In other words, Winn-Dixie sought to seal, in their entirely, its objections to the May 8 Opinion and its reply in support of its objections to the May 8 Opinion, as well as filings in connection with *Daubert* motions that it submitted and opposed.

Such broad sealing requests of entire documents are not permitted under the prevailing rule in the Second Circuit. *See Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, No. 15-CV-211, 2025 WL 444873, at *1–2 (S.D.N.Y. Feb. 10, 2025) (granting request to seal when moving party met "the burden of showing" "limited redactions to specific information within the documents," were appropriate when requests were "narrowly tailored" (internal quotation marks omitted)); *see also Johnson as Tr. of Johnson Fam. Tr. v. Saba Cap. Mgmt., L.P.*, No. 22-CV-4915, 2022 WL 8024206, at *1 (S.D.N.Y. Oct. 14, 2022) ("Although the protection of sensitive, confidential, or proprietary business information is a countervailing interest that can militate in favor of sealing, conclusory statements that documents contain confidential business information are insufficient to justify sealing." (internal quotation marks and citations omitted)). Therefore, Special Master Holwell correctly concluded that "requests to seal documents in their entirety present issues that cannot be resolved without further justification from the party seeking sealing, and accordingly I will not resolve sealing motions where a party has not made an effort to redact sensitive information only, instead of seeking wholesale sealing." (Doc. 2316 at 4.) Consequently, he denied Winn-Dixie's motions to seal without prejudice to file more narrowly tailored redactions within ten days of when the Report and Recommendation was posted on the docket. Winn-Dixie never submitted such filings. Because Winn-Dixie takes the same route here of seeking wholesale redaction of its motion for reconsideration, I adopt Special Master Holwell's approach and Winn-Dixie's request is

DENIED without prejudice to propose more limited redactions within fourteen days of this Opinion & Order.

With regard to the Third Supplemental Report and Recommendation, Federal Rule of Civil Procedure 53(f)(2) provides that "[a] party may file objections to—or a motion to adopt or modify—the master's order, report, or recommendations no later than 21 days after a copy is served, unless the court sets a different time." Fed. R. Civ. P. 53(f)(2). However, to date, no party has filed any objections to Special Master Holwell's Third Supplemental Report and Recommendation. Therefore, I consider the recommendations in the Report to be unopposed. (*See* Doc. 2170 (holding likewise with regard to the Special Master's prior Reports).) I therefore review the Special Master's findings only for clear error. Finding none, I hereby ADOPT the Third Supplemental Report and Recommendation in its entirety.

Likewise, Special Master Holwell filed the Fourth Supplemental Report and Recommendation on June 11, 2024 providing recommendations regarding sealing requests made by Winpak Heat Seal Corporation, Bigelow Inc., and Peet's Coffee & Tea, Inc. (Doc. 2328.) No objections were filed concerning the Fourth Supplemental Report and Recommendation. I have reviewed the Special Master's findings for clear error and found none. Therefore, I ADOPT the Fourth Supplemental Report and Recommendation in its entirety.

## IV. Conclusion

For the reasons outlined above, Winn-Dixie's motion for reconsideration is DENIED. Pursuant to Judge Cave's Order at Doc. 2410, the parties shall confer on an appropriate briefing schedule for Keurig's motion for attorneys' fees and update the court by June 1, 2026.

Winn-Dixie shall resubmit, by that date, its letter motions to seal its motion and reply brief filed at Docs. 2399 and 2405 proposing narrowly tailored redactions to its briefs consistent

with the prior sealing rulings in this case and the Second Circuit's standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." (citing *In re New York Times Co.,* 828 F.2d 110, 116 (2d Cir. 1987).) Winn-Dixie's motions to seal its entire motion for reconsideration, memorandum in support, and reply brief are DENIED without prejudice to Winn-Dixie filing targeted redactions. Further, Winn-Dixie may also refile any motion to seal its initial objections and *Daubert* filings, which I have denied without prejudice, per Special Master Holwell's recommendation, by that same date.

The Clerk of Court is respectfully directed to terminate the motions at Docs. 2399, 2400, and 2405. The Clerk is also directed to terminate Winn-Dixie's sealing motions relating to Special Master Holwell's Reports, which are pending at Docs. 2082, 2113, and 2132. However, the Clerk of Court is also respectfully directed to keep the filings at Doc. 2049, 2060, 2089, 2114, 2133, 2400, and 2406 under seal until further order from me.

SO ORDERED.

Dated: July 10, 2026
New York, New York

Vernon Broderick

Vernon S. Broderick
United States District Judge